

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00374-CR

---

**JESSE MANUEL GONZALES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR23-00022, Counts I & III, Honorable Janelle M. Haverkamp, Presiding

---

March 19, 2025

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jesse Manuel Gonzales, appeals his convictions for sexual assault of a child[1] and concurrent sentences of seven and ten years of confinement.[2]  The reporter's record was originally due December 9, 2024, but we granted the reporter three extensions to file the record due to her caseload.  By letter of February 21, 2025, we admonished the

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

reporter that no further extensions would be granted and that failure to file the reporter's record by March 10 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. The reporter has since requested an additional extension of thirty days to file the reporter's record due to her continued caseload.

To expedite the disposition of this appeal and in the interest of conservation of judicial resources, we deny the request for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1) what tasks remain to complete the filing of the reporter's record;

(2) what amount of time is reasonably necessary for the completion of those tasks; and

(3) whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by April 18, 2025.

2

Should the reporter file the record on or before the date the trial court acts per our directive, she shall immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.